Anita Smith Harris
11010 South 51st Street #50818
PHOENIX AZ 85044
(678)296-4004

FILED ✓  ___ LODGED
___ RECEIVED  ___ COPY

MAR 0 3 2025

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

**EMERGENCY ACTION**

# IN UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Anita Smith Harris,

Plaintiff,

v.

PHH MORTGAGE, ET AL

PERRY HARRIS

Defendant(s).

CASE NUMBER:  **CV25-00715-PHX-DWL**

"EMERGENCY COMPLAINT AND
REQUEST FOR TEMPORARY
RESTRAINING ORDER AND
PRELIMINARY INJUNCTION TO STOP
ILLEGAL WRONGFUL FORECLOSURE
SET FOR MARCH 4, 2025"

## Jurisdiction

This court has jurisdiction over this matter pursuant to Truth in Lending Act (TILA), 15 U.S.C. §
1601 et seq. – Defendant PHH Mortgage engaged in predatory lending and failed to disclose key loan
terms. Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2605 – Defendant PHH Mortgage
failed to notify Plaintiff of foreclosure and engaged in unlawful loan servicing practices. Fair Debt
Collection Practices Act (FDCPA), 15 U.S.C. § 1692f(6) – Defendant PHH Mortgage is foreclosing
without a valid legal right to possession. Due Process Violation (42 U.S.C. § 1983) – Defendants
unlawfully deprived Plaintiff of property rights through fraud and improper court actions. Full Faith and
Credit Clause (U.S. Constitution, Art. IV, § 1) – Defendants used an undomesticated Arizona court order
in Georgia, violating Plaintiff's constitutional right to due process. §§ Truth in Lending Act (TILA), 15
U.S.C. § 1601 et seq. Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2605 Fair Debt
Collection Practices Act (FDCPA), 15 U.S.C. § 1692f(6) Due Process Violation, 42 U.S.C. § 1983 Full
Faith and Credit Clause, U.S. Constitution, Art. IV, § 1. The plaintiff is a resident of PHOENIX, Maricopa
County, AZ and a citizen of the United States. The first defendant, PHH MORTGAGE,et al is a service
debt collector of MOUNT LAUREL, NJ and a corporation of the United States. The second defendnt,
PERRY HARRIS, if a resident of Henderson, Nevada  and citzen of the United States The cause of action
arose in the Phoenix division.

## Complaint

1. Defendant PHH Mortgage Corporation is foreclosing on Plaintiff's property in Georgia without legal authority because the Georgia Quiet Title Action was based on an Arizona court order that was never domesticated under the Uniform Enforcement of Foreign Judgments Act (UEFJA). This foreclosure violates the Truth in Lending Act (TILA), 15 U.S.C. § 1601 et seq., the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2605, and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692f(6). Defendant Perry Richard Harris, Jr. (Plaintiff's ex-spouse) fraudulently presented an Arizona court order in Georgia without properly domesticating it under UEFJA. He conspired with attorneys in Georgia to wrongfully claim ownership of the property, leading to PHH Mortgage's illegal foreclosure. Every state in the United States, including Georgia and Arizona, follows the Uniform Enforcement of Foreign Judgments Act (UEFJA) or an equivalent process. Under this law, before a state court can enforce an out-of-state judgment, the party seeking enforcement must first register the judgment in that state (domestication). The opposing party must be given proper notice and an opportunity to challenge enforcement. Because the Arizona court order was never domesticated in Georgia, it had no legal effect, and all actions based on it, including foreclosure, are fraudulent and invalid. Plaintiff filed motions to dismiss in Georgia courts, arguing that the Arizona court order was never domesticated under Georgia law and that Georgia courts had no jurisdiction. Despite the fact that Georgia law requires a case to be voided if lack of jurisdiction is raised, the courts ignored Plaintiff's motions and allowed the case to proceed. Plaintiff also raised this issue in the Georgia Court of Appeals, stating in her appellate brief that the Quiet Title Action was void due to lack of jurisdiction. The Court of Appeals denied Plaintiff's appeal, failing to apply Georgia's own legal standard requiring the case to be dismissed. Georgia law provides a proper procedure for domesticating foreign judgments under UEFJA, but this process was never followed. Defendants knowingly used an undomesticated Arizona court order to manipulate the legal system and obtain an illegal foreclosure. PHH Mortgage proceeded with foreclosure despite lacking legal authority, violating Plaintiff's constitutional rights under the Due Process Clause, 42 U.S.C. § 1983, and the Full Faith and Credit Clause, U.S. Constitution, Art. IV, § 1. Plaintiff was never properly notified of the current foreclosure and was denied the right to challenge the fraudulent Quiet Title Action before foreclosure proceedings began. This case arises out of an eight-year legal battle in Arizona family court, which resulted in a final order issued on March 24, 2023. While Plaintiff does not agree that this order was the best outcome, that is not the focus of this action. The primary issue before this Court is that the March 23, 2023, order was illegally used in Georgia without domestication under UEFJA, leading to wrongful foreclosure proceedings. The Georgia courts failed to properly analyze the Arizona order and ignored critical facts. Specifically, on March 24, 2023, the Arizona court held Defendant Perry

Richard Harris, Jr. harmless from the debt, meaning he had no legal right to take that order to Georgia and use it to claim the property as his own. Despite this, Defendant Harris initiated a fraudulent Quiet Title Action in Georgia without domesticating the order, leading to PHH Mortgage's illegal foreclosure. Before any judgment is made, this Court must first determine whether Georgia had the authority to act on an undomesticated Arizona order. Plaintiff's right to due process and full faith and credit was violated when Georgia courts disregarded the proper legal procedures under UEFJA. Plaintiff is prepared to present additional evidence showing that Defendants engaged in a coordinated effort to manipulate the legal system for their financial benefit. Defendant PHH Mortgage Corporation has been working in collusion with Defendant Perry Richard Harris, Jr. and his attorney to fraudulently use an undomesticated Arizona court order in Georgia courts. The improper use of this order allowed them to gain control over Plaintiff's property through a wrongful Quiet Title Action that was filed in Gwinnett County, Georgia, on June 27, 2023, despite Gwinnett County being an improper venue for the matter. These actions were taken with full knowledge that the Arizona court order, issued on March 24, 2023, was never legally recognized in Georgia. While the immediate priority is to stop the illegal foreclosure scheduled for March 4, 2025, Plaintiff intends to pursue further legal action regarding the full scope of Defendants' fraudulent scheme.

2. Key Dates & Locations
3. The wrongful Quiet Title Action was initiated in Gwinnett County, Georgia, on June 27, 2023, despite Gwinnett County being an improper venue for the matter.
4. The foreclosure sale is scheduled for March 4, 2025, in Cobb County, Georgia.
5. The foreclosure is a non-judicial foreclosure, meaning there is no court oversight, and the property is being sold on the courthouse steps without due process.
6. The original Arizona court order was issued on March 24, 2023, but was never domesticated in Georgia.

### Demand

Plaintiff respectfully requests that this Court immediately review this matter on an emergency basis and grant the following relief: Immediately issue an Emergency Temporary Restraining Order (TRO) enjoining Defendants PHH Mortgage Corporation and Perry Richard Harris, Jr. from proceeding with the foreclosure sale of Plaintiff's property scheduled for March 4, 2025. Time is of the essence, as the foreclosure is imminent. Declare the Georgia Quiet Title Action and foreclosure void because they were based on an undomesticated Arizona court order, in violation of the Uniform Enforcement of Foreign Judgments Act (UEFJA). Grant a Preliminary Injunction preventing Defendants from taking any further actions related to the foreclosure until this case is fully litigated. Award Plaintiff statutory damages under the Truth in Lending Act (TILA), 15 U.S.C. § 1601 et seq., and the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2605, for Defendants' failure to disclose predatory loan terms and failure to notify

Plaintiff of the foreclosure.   Award punitive damages for Defendants' fraudulent conduct in using an undomesticated Arizona court order to initiate an illegal Quiet Title Action in Georgia.  This case presents an urgent matter requiring emergency judicial intervention. If the foreclosure proceeds, Plaintiff will suffer irreparable harm, including the permanent loss of her home, before this Court has an opportunity to rule on the underlying legal violations.  Grant any further relief this Court deems just and proper.

**Damages:** $$500,000+  Plaintiff is entitled to damages due to Defendants' fraudulent, unlawful, and deceptive actions, which have caused severe financial and emotional harm. Specifically:  Wrongful Foreclosure and Illegal Use of an Undomesticated Court Order   Defendants initiated foreclosure proceedings based on a Georgia Quiet Title Action that was obtained using an undomesticated Arizona court order, in violation of the Uniform Enforcement of Foreign Judgments Act (UEFJA). Because this foreclosure was based on an invalid legal process, Plaintiff has suffered financial loss and loss of property rights. Violations of Federal Consumer Protection Laws   Defendants violated the Truth in Lending Act (TILA), 15 U.S.C. § 1601 et seq., by failing to disclose predatory loan terms. Defendants violated the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2605, by failing to notify Plaintiff of the foreclosure and failing to properly service the loan. Defendants violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692f(6), by engaging in unfair and deceptive foreclosure practices. Emotional Distress and Harm from Fraudulent Legal Proceedings   Defendants' actions have caused Plaintiff significant emotional distress, including anxiety, stress, and financial hardship. Plaintiff has been forced to spend time and resources fighting an illegal foreclosure caused by Defendants' fraudulent use of the courts. Punitive Damages for Fraudulent Conduct   Defendants knowingly engaged in fraudulent legal actions by using an undomesticated court order to manipulate the legal system. Plaintiff is entitled to punitive damages to deter Defendants from engaging in similar wrongful conduct in the future. Total Damages Requested: $500,000+   Plaintiff requests actual damages, statutory damages under TILA, RESPA, and FDCPA, and punitive damages for Defendants' fraudulent conduct. The Plaintiff wants a trial by jury.

Date: _____3/3/25_____

_____
Signature of Pro Se Plaintiff
Anita  Smith Harris
11010 South 51st Street #50818
PHOENIX, AZ 85044
(678)296-4004

E

N ewRez



C/O PHH Mortgage Service;
PO Bo> 5-13)
Mount L. jurel NJ L#0S4

December 9, 2620.

Account Number: 71IU343113
Property Address: 404 R Jnclop Dr
AL •torth GA 30102 3-V'ii

Anit.:i E Harrrs
945 N Pa,.adtlnd Unit 110
Mesa AZ 85201

Customer(s): Perry Richard Hilrrs Jr
Anil.if.H. n .
Case Number: 4<;395383
Regulatory Case ID: 201120 571OiIE

Dear Anita E Harris,

This letter isin response to the recent communication from the Consumer Financial Protection Bureau onyourbehillf have been assigned to revrew this reque t and the re,ults of my review are outlined below.

In your correspondence, you expres:.ed concern; reg:.irding the denial of the modification and assumption request In addition, you also expressed concerns regarding potentially fraudulent activity with the loss draft check processed on the account.

In October 2018, Ocwen Financial Corporation purchased PHH Mortgage Services (PHH); therefore, PHH is now a wholly owned subsidiary of Ocwen F1nanc1al Corporation. In an effort to streamline our servIcIng, Ocwcn Loan Servicing, LLC (Ocwen) accounts gradually transitioned to the PHH servicing system and are now serviced under the PHH Moi1;gage Services narne. For this account, that transition occurred en May 1. 2019.

Court records indicate that a chapter 13 bankruptcy case was filed by Mr. Perry Richard Harris Jr. on Aprils, 201o. prior to this bankruptcy filing, in February 2018, we confirmed we had received a complete Mortgage Assistance Application (MAA). After reviewing the application, we determined the account would be eligible for a modification trial period plan. The trial plan consisted of three separate trial payments scheduled for April 1, 2018, May 1, 2018 and June 1. 201e in the amount of $1091.19 each.

We received the first two trial payments then in June 2018, Mr. Harris advised during a telephone call that he Is not interested in contmurng with the modification offer. In response to the request, this offer was do ed. After the closure of thP mod1ficat1on offer, we received documentation advising Mr. Harris is interested in moving torw;ird with ;i deed in lieu of foreclosure. Upon reviewing this request, a title search was completed and determined we were u11able to move forward with this resolution option, as the title was not clear. A denial of Request of Deed in Lieu ot Foreclosure (copy enclosed) dated August 10, 2018 was mailed to the address of record, advising of the deed in lieu ineligibility.

More specifically, the title search indicated there is a senior mortgage with TCF National Bank Minnesota, which wa.s recorded in the Cobb County records on May 3, 1999, in book 12452, page 286-289. In add1t1011to the ernor mortgage, a judgement was entered for the plaintiff, Arrow Financial Services LLC A. F.S. as assignee of First Premier Bank. This

NMLS # 2726

This communication 1s /rum a debt collector attempting tu wllect o debt; any information obtlined will be usedfvr that purpose. Howev<!r, iĩ the debl h; 1n active bankmplcy or has been discharged through hankruplcy, lhis cammunrceuan rs pnwrdt·d purt'ly for informational purpose:; only with regard to our secured lien on the above referenced property. It is not mten,ied os on attempt to collect a debt from you pcrsonally.

 

**, 'New Rez**

C/O PHH Mol\gage Services
PO Bo>' 5437
Mount uiurel NJ 08054

Judgement was recorded in the Cobb County records on MMch 13, 2007 in Book 81, p.:1ge 5213-5214  To move forward with anyloss mltlga11011 option including a deed-111-11eu, these liens must be resolved asa  clear title is required.

With regards to yourloss draft check concerns, we 1ev11:iwed the account and indicate that on October 12, 2020 first draw check in the amount of $3,343, payable to both customers was issued. Further, it wasdetermined that 011mu1 tt.p.t occasions, you contacted the loss draft team and requested for a front and back copy of the cl;:iim check as you t lid to find that it was endorsed fraudulently: subsequently, in May 2020 and June 2020, copies uf theclaimcheck JJere me lled Jus faxed to your attention. Regarding your current request to reissue the  draw check without the name of the borrower at was advised to you to return the dr;iw checks to us for deposit, ;ilong with the DivorceDecree :rnd the Quit claim Deed and we are till aw:11ting the same.

The execution ofa Quit Claim Deedtransfers the title of the property to the person(s) named in the Quit Cloim Deed, but rt does notrelease liability for the debt from the account itself by the original borrower(s). We are oblig.:ited to service the account in accordance with the terms of the origin;il NotP.signed by Mr. and Ms. Harris.

Our review of the records indicate that the account was cipproved for ;i trial payment plan and the enclosed trial plan offer dated August 19, 2020 was sent to the address mentioned on the account. With this plan, you werai equired to make three (3) payments, each in the amount of $1056.78, due on October 1, 2020, November 1, 2020 and December 1, 2020 respectively. However, the aforementioned trial offer cannot be finalized and isdenied in due to thenon-receipt of the trial payment.

As advised in our previous response, in the event that the property was awarded to you andMs. Harris in divorce proceedings, the loan associated with the account would still need to be assumed orrefinance for you to become the sole obligated party to this account. While the courts may require a customer to completea  particular action t t relation toa domestic dispute involvinga property, it is up to the courts to enforce these actions, not the mortgage service⁀ equest an assumptio11 to rernoveelffiervouor s. ,irris from the account,a family transfer package must be completed. For an assumption to be completed, the account needs to be contractuallycurrent and should not be in active bankruptcy.
ovide exce

We strive to provide exceptional service to our customers and we are sorry to hear of anyunsatisfactory experience you may have had with us. We sincerely apologize if you feel that these standards were not met.

Presently, the foreclosure proceedings were on hold due to the bankruptcy chapter 13, filed by you on September 3. 2020. However, the aforementioned bankruptcy has been dismissed on December 7,2020.

The Relationship Manager (RM) on this account is Manoj Paul, who may be reached by dialing (800) 750 2518. To speak with the RMyouwill need to select from our main menu option 2 (To speak with the relationship manager assigned to this account, to discuss loan modification, short sale or deed in lieu or to report financialdifficulties, press 2.) and then select optionO (Press Oto spe;ik with your rel;itionship man;iger). If the RM is available, the call routes diri>ctly to them. However, if the RM is nol available the call will route to a queue for another agent. At thistime there is no voicemail option. Also, we are currently under new hours of operation during the Covid19 pandemic of 9am to 8pm ET.

We hope this response fully addresses the stated concerns. If there are any questions aboutthrs response, please submit your questions via email to ConsumerOmbudsman@Ocwen.com. If you prefer todiscuss \'our questions by phone you may contact our Ombudsman office at (844) 995-3682 at this time there is onlya  voJCemailoption. however, calls will bereturned in 24 to 48hours.

*Tᴺhᴹis'Lcᕦᵒ#m²m7u²n⁵ication isfruma  debt collector attempting to wllect adebt; any information obtL1ined will be med Jar that purpa e. However, if the debl i.; in active bankruptcy or has been discharged through bonkruplcy, this commun1ca11an rs pnv1dcd purely for informational purposes only with regard to our ecured lien on the above referenced property. It is not intended as on <lttempt to collect a debtfrom you personally.*

Ex 1

# NewRez

C/O Prlh Mort ,:t"e Service.
PO So) S-B2
Mount ,:iJre tJ 0:I0S4

CustY'"erServ,ce can be 1e.iched toll free at (877) 744 2506 for add1t1onal 1nformat1on rega1dingthismo. tg, .ige
acco:.111t. We arcava.lablc Monday through Friday 8.00 am to 9:00 pm and Saturday 8:00am to 5:00 pm E.T
In ormJto aoout th,s mo'tgage account ma, also be found online at mortgagequestions.com.





Jyoti Dubey
Cons1.Jmer Account Analyst
Office of the Consumer Ombudsman

Enc,osures

cc: Perry Richard Harris Jr.
    2820 E Palmdale Ln
    Gilbert AZ 85298

cc: CFPB Submitted Electronically

Please note thatNewRezLLCIs not the servicer of your current mortgage loan account. NewRez LLC1s the lending
affiliate of NewResidential Mortgage, LLC, the company that owns the right to service yourloan. PHH MortgageServices
performs all servicing act1v1ties on your loan. If you have any questions about your mortgage loan, please contact PHH
Mortgage Services

**Oregon Property Owners:**Residential mortgage loan scrviccrs arc regulated by the OregonDivision ofF1nanc1al
Regulation. To file a complaint, call (888) 877-4894 or visit http://dfr.oregon.gov.

**New York PropertyOwners:** Exclusively for homeowners in New York, you may file complaints about the servicing of
your loan with the New York State Department of Financial Services. For further informationcall theDep;:irtment's
Consumer Assistance Unit at 1.800.342.3736 or visit the Department's website atwww.dfs.nv g,

**New YorkResidents:** If you believe the loss mitig;ition request has been wrongly denied, you m;iy filea complaint with
the New York State Department of Financial Services at 1-800-342-3736 or www.dfs.nvgov.

**Texas Property Owners:** Forhomeowners in TelCas, complaints regarding the servicing of your mortgageshould be sent
to the Department of Savmgs and Mortgage Lending, 2601 North Lamar, Suite 201, Austin, TX78705 or viaa toll-frte
consumer hotline ;wa1lable at 877.276.5550.

A complaint form and instructions may be downloaded and printed from the department'swebsite located ;:it
www.sr'1 _ '"'gov or obtained from the department upon request by: mail to the cJforementioned add1e ,telephone
through their toll-free consumer hotline listed, or email atml1nf0(dl ml.texas.gov.

NMLS # 2726
*Thlli communication 1s fruma debt collector attempting to wl/ect a debt; any information obtained will be used for that purpose.
Howi>vcr, if thl' dcbl is in active bankruptcy or has been discharged through bankruptcy, thiscommun1eallun rsp1ov1dcd purely for
i11formational purposes 011 1y with regard to our ecured lien on the above referencedproperty. It is not intended a on attempt to
collect o debt from you personally.*

EX. 2

Clerk of the Superior Court
*** Filed ***
05/04/2022 8:00 AM

FN 2015-003563                                     05/02/2022 CLERK OF
                                                        THE COURT

HONORABLE JAMES DRAKE                                 Y. Anchondo
                                                        Deputy

IN RE THE MATTER OF
PERRY HARRIS                                  PERRY HARRIS
                                              2654 W HORIZON RDGE PKWY
                                              B5-69
                                              HENDERSON NV  89052

AND

ANITA ELAINE SMITH HARRIS                     CHELSEA LYNCH
                                              JUDGE DRAKE

## UNDER ADVISEMENT RULING

On April 28, 2022 the Court held an Evidentiary Hearing regarding Respondent/Wife's *Petition to Enforce Divorce Decree: Retirement Accounts,* filed on March 4, 2022 and to address, the status of the Georgia property.  The Court is somewhat surprised by Wife's request for relief while at the same time disregarding this Court's other orders.

The Court having considered the evidence and the testimony, rules as follows:

Georgia Property

**THE COURT FINDS** that Wife has willfully violated this Court's Order of September 18, 2017 regarding the Georgia property for four and one-half years. Wife was ordered to either let the property in Georgia, 404 Ridgetop Drive, NW, Acworth, Georgia, go into foreclosure or to refinance the property and give fifty percent of the equity (if any) to Petitioner/Husband. Wife has improperly used the Bankruptcy Court, with 7 separate filings, to thwart the resolution of the Georgia property's mortgage debt. Indeed, it was the Bankruptcy Court's Trustee (filing Motion

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

FN 2015-003563                                      05/02/2022

to Dismiss with Prejudice filed 8/27/2019) that Wife had never, in the previous five filings, ever brought forth a feasible Chapter 13 plan and filed her bankruptcies in bad faith. The Trustee noted "This case was clearly brought to frustrate the collection efforts of the Debtor's ex-husband by delaying the sale of the real property in Georgia." Wife's stated desire to move into the Georgia home in less than six months is not credible.

That being said, Husband is not wholly blameless in this regard either. Husband steadfastly refuses to let loan modifications go through and will not assist or sign any documents to facilitate Wife assuming the loan and eventually getting his name off the mortgage and ultimately, the title. It seems as though Husband has looked beyond just the initial steps of modification and has taken notice of the longer term possible underwriting policies that may indeed thwart Wife's goal. The problem here is that Husband is inserting himself into the role that is properly played by the lender. Let the lender be the one to inform Wife that because of the bankruptcy filings assumption or modification is impossible for many years.

**IT IS ORDERED** Husband shall not to stop, prevent or otherwise frustrate Wife's attempts at loan assumption or modification. Additionally,

**IT IS FURTHER ORDERED** Husband shall sign any and all documents needed for loan assumption and modification. Should Husband refuse to sign papers, Wife is fully authorized to sign on his behalf. If, at any time, Wife is told that modification and assumption is not possible or that she fails to meet the qualifications or that because of bankruptcy filings the assumption cannot take place for four years, then **IT IS FURTHER ORDERED** that Wife shall let the Georgia home go immediately into foreclosure. If Wife fails to allow the home to go into foreclosure, the Court, pursuant to Rule 83(A)(1)(c) and A.R.S. § 25-318(P), will suspend the award of all retirement accounts from the September 8, 2017. If requested, the Court will hold an Evidentiary Hearing and may consider some reallocation of retirement funds.

Retirement

By the terms of the parties Divorce Decree, both parties were awarded an equal share of each other's retirement.

**IT IS ORDERED** Husband shall inform Wife within thirty days the amount of "his points" so that his military pension can be divided. Each party shall respond within one week of any written request for signatures or information that is needed to complete the QDRO process. Failure to respond in writing within one week will result in a $100.00/day fine until the party responds.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

FN 2015-003563                                                    05/02/2022

<u>Contempt and Attorney Fees</u>

**THE COURT FINDS** and **IT IS ORDERED** that neither party is found in contempt at this time.

**IT IS FURTHER ORDERED** denying Wife's request for attorney fees regarding the enforcement matter.

No further claims or issues remain for the Court to decide. Therefore,

**IT IS FURTHER ORDERED** pursuant to Rule 78(C), Arizona Rules of Family Law Procedure, this final judgment/decree is signed by the Court and it shall be entered by the Clerk. The time for appeal begins upon entry of this judgment by the Clerk. For more information on appeals, see Rule 8 and other Arizona Rules of Civil Appellate Procedure.

**IT IS FURTHER ORDERED** denying any affirmative relief sought before the date of this Order that is not expressly granted above.

_____
HONORABLE JAMES DRAKE
JUDGE OF THE SUPERIOR COURT

All parties representing themselves must keep the Court updated with address changes. A form may be downloaded at:
http://www.superiorcourt.maricopa.gov/SuperiorCourt/LawLibraryResourceCenter/

Docket Code 926                    Form D000D                    Page 3

EX. 2

Clerk of the Superior Court
*** Filed ***
05/04/2022 8:00 AM

FN 2015-003563

05/02/2022 CLERK OF
THE COURT

HONORABLE JAMES DRAKE

Y. Anchondo
Deputy

IN RE THE MATTER OF
PERRY HARRIS

PERRY HARRIS
2654 W HORIZON RDGE PKWY
B5-69
HENDERSON NV  89052

AND

ANITA ELAINE SMITH HARRIS

CHELSEA LYNCH
JUDGE DRAKE

## UNDER ADVISEMENT RULING

On April 28, 2022 the Court held an Evidentiary Hearing regarding Respondent/Wife's *Petition to Enforce Divorce Decree: Retirement Accounts,* filed on March 4, 2022 and to address. the status of the Georgia property.  The Court is somewhat surprised by Wife's request for relief while at the same time disregarding this Court's other orders.

The Court having considered the evidence and the testimony, rules as follows:

Georgia Property

**THE COURT FINDS** that Wife has willfully violated this Court's Order of September 18, 2017 regarding the Georgia property for four and one-half years. Wife was ordered to either let the property in Georgia, 404 Ridgetop Drive, NW, Acworth, Georgia, go into foreclosure or to refinance the property and give fifty percent of the equity (if any) to Petitioner/Husband. Wife has improperly used the Bankruptcy Court, with 7 separate filings, to thwart the resolution of the Georgia property's mortgage debt. Indeed, it was the Bankruptcy Court's Trustee (filing Motion

Docket Code 926

Form D000D

Page 1

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

FN 2015-003563                                                    05/02/2022

to Dismiss with Prejudice filed 8/27/2019) that Wife had never, in the previous five filings, ever brought forth a feasible Chapter 13 plan and filed her bankruptcies in bad faith. The Trustee noted "This case was clearly brought to frustrate the collection efforts of the Debtor's ex-husband by delaying the sale of the real property in Georgia." Wife's stated desire to move into the Georgia home in less than six months is not credible.

That being said, Husband is not wholly blameless in this regard either. Husband steadfastly refuses to let loan modifications go through and will not assist or sign any documents to facilitate Wife assuming the loan and eventually getting his name off the mortgage and ultimately, the title. It seems as though Husband has looked beyond just the initial steps of modification and has taken notice of the longer term possible underwriting policies that may indeed thwart Wife's goal. The problem here is that Husband is inserting himself into the role that is properly played by the lender. Let the lender be the one to inform Wife that because of the bankruptcy filings assumption or modification is impossible for many years.

**IT IS ORDERED** Husband shall not to stop, prevent or otherwise frustrate Wife's attempts at loan assumption or modification. Additionally,

**IT IS FURTHER ORDERED** Husband shall sign any and all documents needed for loan assumption and modification. Should Husband refuse to sign papers, Wife is fully authorized to sign on his behalf. If, at any time, Wife is told that modification and assumption is not possible or that she fails to meet the qualifications or that because of bankruptcy filings the assumption cannot take place for four years, then **IT IS FURTHER ORDERED** that Wife shall let the Georgia home go immediately into foreclosure. If Wife fails to allow the home to go into foreclosure, the Court, pursuant to Rule 83(A)(1)(c) and A.R.S. § 25-318(P), will suspend the award of all retirement accounts from the September 8, 2017. If requested, the Court will hold an Evidentiary Hearing and may consider some reallocation of retirement funds.

<u>Retirement</u>

By the terms of the parties Divorce Decree, both parties were awarded an equal share of each other's retirement.

**IT IS ORDERED** Husband shall inform Wife within thirty days the amount of "his points" so that his military pension can be divided. Each party shall respond within one week of any written request for signatures or information that is needed to complete the QDRO process. Failure to respond in writing within one week will result in a $100.00/day fine until the party responds.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

FN 2015-003563                                                05/02/2022

Contempt and Attorney Fees

THE COURT FINDS and IT IS ORDERED that neither party is found in contempt at this time.

IT IS FURTHER ORDERED denying Wife's request for attorney fees regarding the enforcement matter.

No further claims or issues remain for the Court to decide. Therefore,

IT IS FURTHER ORDERED pursuant to Rule 78(C), Arizona Rules of Family Law Procedure, this final judgment/decree is signed by the Court and it shall be entered by the Clerk. The time for appeal begins upon entry of this judgment by the Clerk. For more information on appeals, see Rule 8 and other Arizona Rules of Civil Appellate Procedure.

IT IS FURTHER ORDERED denying any affirmative relief sought before the date of this Order that is not expressly granted above.


_____
HONORABLE JAMES DRAKE
JUDGE OF THE SUPERIOR COURT

All parties representing themselves must keep the Court updated with address changes. A form may be downloaded at:
http://www.superiorcourt.maricopa.gov/SuperiorCourt/LawLibraryResourceCenter/

EXHIBIT ~~C~~ 3

# newrez

10/11/2022

Respond to this offer no later than:
## 10/29/2022

PERRY RICHARD HARRIS JR
ANITA E HARRIS
945 N PASADENA UNIT 110
MESA, AZ 85201

## Account Information

**Loan Number: 7110343113**

**Property Address:**
404 RIDGETOP DR
ACWORTH, GA 30102

We are here to help!

Your Relationship Manager:
Manoj Paul
RMA@mortgagefamily.com
Online:
www.mortgagequestions.com

## APPROVAL FOR PERMANENT MODIFICATION
## PLEASE READ CAREFULLY

Dear PERRY RICHARD HARRIS JR and ANITA E HARRIS:

**Congratulations!** You are approved for a loan modification. Please read this letter so that you understand the next steps necessary to accept the loan modification offer.

Below you will find important information about our decision regarding mortgage assistance with additional details on the following pages. However, do not forget that **time is of the essence** and to accept this modification you must respond by 10/29/2022 . This offer will expire so please make sure you respond by the date listed on this letter.

What you need to do:
1. To accept the loan modification, you must do the following:
   a. Sign the Modification Agreement and
   b. Return it to us in the enclosed, prepaid envelope by 10/29/2022

What you need to know:
1. You are approved for a Loan Modification with monthly payments in the amount of $1,546.72. The offer details are enclosed. Please read all materials carefully.
2. If the Modification Agreement has notary provisions at the end, the enclosed Modification should only be signed in the presence of a notary public and other witnesses (if applicable). All documents must be executed and the signatures must be exactly as the names are typed. Please retain one copy for your records and return the other original Modification Agreement.

**The following additional documents are enclosed for your information:**

7110343113                                                                 *OCWN_PLS_FNL*

This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on all accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.

NMLS # 2726

# EXHIBIT X 4

**Prepared By:**
Anita E. Harris

Deed Book 1 6122 Pg 5914
Filed and Recorded Mar-27-2023 02:07pm
2023-0022343
Real Estate Transfer Tax $0.00
0332023004870

Connie Taylor
Clerk of Superior Court Cobb Cty. Ga.

**After Recording Return To:**
3344 Cobb Parkway Northwest #1059
Acworth, Georgia 30101

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## QUITCLAIM DEED

On May 02, 2022 THE GRANTOR(S),

- Perry R. Harris, and Anita E. Harris, a formerly married couple who were divorced on January 24, 2017,

for and in consideration of: One Dollar ($1.00) and/or other good and valuable consideration conveys, releases and quitclaims to the GRANTEE(S):

- Anita E Harris, a single person, residing at 404 Ridgetop Drive Northwest, Acworth, Cobb County, Georgia 30102

the following described real estate, situated in Acworth, in the County of Cobb, State of Georgia

Legal Description: See attached *Exhibit A*

Grantor does hereby convey, release and quitclaim all of the Grantor's rights, title, and interest in and to the above described property and premises to the Grantee(s), and to the Grantee(s) heirs and assigns forever, so that neither Grantor(s) nor Grantor's heirs, legal representatives or assigns shall have, claim or demand any right or title to the property, premises, or appurtenances, or any part thereof.

Tax Parcel Number: 100080190051569473

Page 1 of 5

# Exhibit "4"

*Undecipherable handwriting* *** ***

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY   *Ex 5*

FN 2015-003563

MAR 2 8 2023 +00cv.vt

03/24/2023

CLERK OF THE COURT Y.
Anchondo Deputy

HONORABLE JAMES DRAKE

RICHARD J PETERS

IN RE THE MATTER OF PERRY
HARRIS

AND                              ANITA ELAINE SMITH HARRIS UP

ANITA ELAINE SMITH HARRIS
Clerk of the
Superior
Court Filed                      DOCKET FC JUDGE DRAKE

<u>UNDER ADVISEMENT RULING RE: GEORGIA PROPERTY</u>

The saga over the Georgia property has been going on since September 18, 2017. The Court will repeat some of the findings from the last hearing as they are still relevant after this last hearing.

THE COURT FINDS that Respondent/Wife has willfully violated this Court's Order of September 18, 2017 regarding the Georgia property for five and one-half years. Wife was ordered to either let the property in Georgia, 404 Ridgetop Drive, NW, Acworth, Georgia, go into foreclosure or to refinance the property and give fifty percent of the equity (if any) to Petitioner/Husband. Wife has improperly used the Bankruptcy Court, 7 separate filings, to thwart the resolution of the Georgia property's mortgage debt. Indeed, it was the Bankruptcy Court's Trustee (filing Motion to Dismiss with Prejudice filed 8/27/2019) that Wife had never, in the previous five filings, ever brought forth a feasible Chapter 13 plan and filed her bankruptcies in bad faith. The Trustee noted "This case was clearly brought to frustrate the collection efforts of the Debtor's ex-husband by delaying the sale of the real property in Georgia." At the previous hearing, Wife's stated desire to move into the Georgia home in less than six months was not

1

Docket Code 926                    Form DO00D                    Page

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

FN 2015-003563

03/24/2023

credible and at today's hearing Wife confirmed that she had still not moved in but was "close by" the property. Wife's behavior over the course of this litigation has been extremely challenging and she was even temporarily jailed for refusing to vacate an Arizona property.

In May of last year, Wife was directed to attempt an assumption or modification. Additionally, Wife was authorized to sign on Mr. Harris' behalf if he refused to add his own signature to assumption or modification documents. The modification that Wife acquired however was not remotely like the terms in the original mortgage (expecting the outstanding balance plus arrearages and maybe some penalties). This new arrangement has a balloon payment of almost two hundred thousand dollars! Unfortunately, this Court's May 2, 2022 order has been improperly used in a manner to likely further antagonize Husband.

THE COURT FURTHER FINDS that this modification was not undertaken in good faith by Wife and Husband is not be responsible for these new terms as this Court's order did not authorize bad faith. Additionally, the Court heard credible testimony that Wife is, again, almost immediately behind significantly on mortgage payments. The Court finds that modification is not a viable alternative. Finally, at Trial, Wife testified that she signed Husband's name to a quit claim deed just a few days ago without ever asking him to sign and having him refuse. This is a clear violation of the May 2, Order.

IT IS ORDERED Wife is to hold Husband harmless for all debt associated with the Georgia property.

As outlined in the May 2, 2022 Order, the Court put everyone on notice that it might reallocate assets pursuant to 83(a)(1)(c) and 25-318(P). In the September 2017 Order, the parties were each awarded fifty percent of the other parties' retirement accounts earned during marriage. Neither party has begun to receive benefits from the other.

IT IS FURTHER ORDERED the award of Husband's military pension is vacated and now is awarded solely to him.

At Trial, Husband offered to forego any interest he had in Wife's ASRS (and 401K which may or may not exist) pension. The Court will not modify that award at this time as Wife still has past judgements for legal fees that have not been paid. The Court will entertain a Petition to Modify the ASRS retirement distribution after the attorney fees debts have been satisfied.

THE COURT FURTHER FINDS based on Wife's signing of the Quit Claim deed without prior presentation and the modification done in bad faith, that Wife has acted unreasonably. Wife shall be responsible for a portion of Husband's legal fees for this filing and Trial.

2

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

FN 2015-003563

03/24/2023

IT IS FURTHER ORDERED Husband shall file a China Doll affidavit by no later than April 24, 2023. Wife may respond in the normal course.

THE COURT FINDS there is no just reason to delay making a final order (for the exception of attorney fees).

IT IS THEREFORE ORDERED pursuant to Rule 78(b), Arizona Rules of Family Law Procedure, that this is a final judgment/decree and it shall be entered by the Clerk. The time for appeal begins upon entry of this judgment by the Clerk. For more information on appeals, see Rule 8 and other Arizona Rules of Civil Appellate Procedure.

IT IS FURTHER ORDERED denying any affirmative relief sought before the date of this Order that is not expressly granted above.

HON | LE JAMES DRAKE
.ÅJD OF THE SUPERIOR COURT

All parties representing themselves must keep the Court updated with address changes. A form may be downloaded at:
http://www.superiorcourt.maricopa.gov/SuperiorCourt/LawLibraryResourceCenter/

3

*Ex 7*

E-FILED IN OFFICE - IT
**CLERK OF SUPERIOR COURT**
**GWINNETT COUNTY, GEORGIA**
**23-A-04954-4**
**12/4/2023 12:12 PM**
TIANA P. GARNER, CLERK

After recording return to:   Cross Reference: James R. Fletcher II Esq Deed Book 11047 Page 305

Fletcher Law Firm LLC                                    Deed Book 16122 Page 5914

328 SE Alexander Street, Ste 10 Deed Book 14249 Page 735 Marietta GA 30060 Deed Book 15313 Pages 246

Phone:404-409-5665                                    Cobb County Georgia Records

## IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| Perry Richard Harris Jr.,<br>    Plaintiff | )<br>) | CIVIL  ACTION  FILE<br>NO. 23-A-04954-4 |
| | ) | |
| v . | )<br>) | |
| Anita E. Harris, et al.<br>    Defendants | )<br>) | |

### FINAL JUDGMENT

This matter comes before the Court with the consent of Plaintiff Perry Richard Harris Jr.

("Plaintiff") and Defendants The Bank of New York Mellon f/k/a The Bank of New York as

successor in interest to JP Morgan Chase Bank, N.A. as trustee for Novastar Mortgage Funding

Trust, Series 2005-4, Novastar home equity loan asset backed certificates, series 2005-4 and PHH

M01tgage Corporation (the "Lender Defendants"). On August 31, 2023, the Court entered an

Order Granting Default Judgment as to Anita E. Harris (only) and Denying Defendant Anita

E. Harris' Motion to Dismiss, the time for its appeal has expired, and it is a final judgment. As

Ex 7

A contract between multiple parties cannot be modified by only some of them in a way which is detrimental to a non-consenting party.[1] Similarly, there may be no "unilateral" modification of a contract.[2] Accordingly, because the secured loan affects *both* Plaintiff Harris and Defendant Harris in ways which are detrimental to Mr. Harris and to which he did not consent, then the <u>entire</u> Modification is set aside, even as to Mrs. Harris. This finding was previously made as to Defendant Harris as well through this Court's August 31, 2023 Order.

### C. Attorney's Fees, Expenses and Costs.

Plaintiff and the Lender Defendants consent that each shall bear their own attorney's fees and expenses regarding this matter.

The Clerk of Superior Comt is hereby directed to record this judgment in the land records and make the cross-references above.

SO ORDERED                                     , 2023

this *it* day of ....:-1 .:L.Llej..£ –

Judge Tamela L. Adkins

Superior Com1 of Gwinnett County

---

[1] *See Spiegel v. Hays,* 103 Ga. App. 293, 299, 119 S.E.2d 123, 128 (1961) ("A contract depends upon the mutual consent of all'ofthe parties thereto, and the provisions ofa written agreement cannot be changed by the consent of less than all of them. *Southern Feed Stores v. Sanders,* 193 Ga. 884(3), 20 S.E.2d 413. It is a general rule that the terms of a tripartite agreement cannot be modified to the detriment of one of the parties by the others without his consent. 17 C.J.S. Contracts§ 375.").

[2] See *Goldstein v. Ipswich Hosie1y Co.,* 104 Ga. App. 500, 520, 122 S.E.2d 339, 353-54 (1961) ("It is elemental that it is not possible to have a unilateral modification of a contract previously entered into between the patties.").

4

E⊥8

# IN THE COURT OF APPEALS
## STATE OF GEORGIA

| | | |
|---|---|---|
| ANITA E. HARRIS | ) | |
| | ) | |
| Appellant, | ) | Appeal Case Number: A24A0939 |
| | ) | |
| v. | ) | |
| | ) | |
| PERRY RICHARD HARRIS JR. | ) | |
| | ) | |
| Appellee. | ) | |

---

## APPELLANT'S BRIEF

---

EX8

## PART THREE
## ARGUMENTS AND CITATION OF AUTHORITIES

### 1. Lack of Jurisdiction and Improper Venue

The crux of the appellant's argument lies in the fundamental lack of jurisdiction and improper venue in the trial court's handling of this matter. The appellant and the appellee, are not residents of Georgia, and neither do they reside in Gwinnett County, where the action was filed. The trial court's assertion of jurisdiction over a matter involving parties who do not reside in the state, let alone the county where the action was filed, is a clear violation of procedural and jurisdictional rules.

O.C.G.A. § 9-11-12(b)(1) provides that a motion to dismiss may be made for lack of jurisdiction over the subject matter. Additionally, O.C.G.A. § 9-10-30 stipulates that actions seeking equitable relief, such as quiet title actions, should be filed in the county where one of the defendants resides or where substantial relief is sought. Furthermore, case law such as McDonald v. MARTA, 251 Ga. App. 230 (2001), emphasizes the importance of proper venue determination in cases where jurisdiction is challenged.

In McDonald v. MARTA, 251 Ga. App. 230 (2001), the plaintiff filed a lawsuit against the Metropolitan Atlanta Rapid Transit Authority (MARTA) alleging negligence after sustaining injuries while using the public transportation system. The lawsuit was initially filed in Fulton County, Georgia. However, MARTA argued that

10



## AFFADAVIT OF NO FOREIGN JUDGMENT PETITION BEING FILED

I, **Anita Smith Harris**, declare under penalty of perjury under the laws of the United States that the following statements are true and correct:

1. On **February 28, 2024**, I contacted the **Cobb County Superior Court Clerk's Office at (770) 528-1300** and spoke with **Libby Blackwell, Chief Operations Officer.**
2. I specifically asked whether a **Petition to Domesticate a Foreign Judgment of an Arizona Maricopa County Superior Court Order dated March 23, 2023** had ever been filed in Cobb County under O.C.G.A. § 9-12-130 et seq.
3. **Libby Blackwell confirmed that no such petition was ever filed in Cobb County.**
4. On the same day, I contacted the **Gwinnett County Superior Court Clerk's Office at (770) 822-8100** and spoke with **Susan Rawlin, Deputy Clerk.**
5. I asked **Susan Rawlin** the same question about whether a **Petition to Domesticate a Foreign Judgment** had been filed in Gwinnett County.
6. **Susan Rawlin confirmed that no such petition was ever filed in Gwinnett County and that the only record on file was a Quiet Title action.**
7. I have also checked the **Gwinnett County case docket** and found no record of a domestication petition of a foreign judgement or any filing related to the Arizona order.
8. This confirms that **the Arizona court order was never legally domesticated in Georgia**, and the Georgia Quiet Title ruling was issued **without proper jurisdiction.**

I declare under penalty of perjury that the foregoing is true and correct.

**Executed on:** February 27th 2025
**Location:** Phoenix, Arizona

Signed:

**/s/ Anita Smith Harris**

Anita Smith Harris

11010 S. 51st St., Unit 50818

Phoenix, AZ 85044

Phone: (678) 296-4004

Email: skippysmith2850@gmail.c

# ALDRIDGE PITE, LLP

February 21, 2025

Anita E. Harris
skippysmith2850@gmail.com

| | |
|---|---|
| RE: | Your email correspondence |
| Our File Number: | 1017-7282A |
| Servicer: | PHH Mortgage Corporation |
| Servicer's Loan Number: | 7110343113 |
| Property: | 404 Ridge Top Drive, Acworth, GA 30102 |

**PLEASE BE ADVISED THAT THIS LETTER MAY CONSTITUTE AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Dear Ms. Harris:

In response to your email on February 10, 2025, this letter serves as a verification of the debt owed to The Bank of New York Mellon, f/k/a The Bank of New York as successor in interest to JPMorgan Chase Bank, N.A. as Trustee for NovaStar Mortgage Funding Trust, Series 2005-4, NovaStar Home Equity Loan Asset-Backed Certificates, Series 2005-4. PHH Mortgage Corporation is authorized to collect payment on your loan. Please find enclosed copies of the note and security deed that were signed by you at the time of closing. These documents also provide you with the name and address of the original lender.

Notice of the March 4, 2025 foreclosure sale was mailed on January 28, 2025 to the property address and any designated mailing address in our client's records. O.C.G.A. §44-14-162.2(a) states in relevant part, "…The notice required by this Code section shall be deemed given on the official postmark day or day on which it is received for delivery by a commercial delivery firm." The foreclosure notices were timely sent in compliance with the relevant code section(s).

To obtain an updated payoff quote or the amount needed to bring your loan current, please contact our office.

PHH Mortgage Corporation is the entity with full authority to negotiate, amend and modify all terms of the mortgage pursuant to established guidelines.

PHH Mortgage Corporation
1661 Worthington Rd
Suite 100

Aldridge Pite, LLP
Six Piedmont Center
3525 Piedmont Road, N.E.,
Suite 700
Atlanta, GA 30305
(404) 994-7400
888-246-7307
California Debt Collector License
Number 10724-99

# ALDRIDGE PITE, LLP

West Palm Beach, FL 33409
(800) 750-2518

Note, however, that such entity is not required by law to negotiate, amend or modify the terms of the loan.

This letter satisfies any verification obligation we may have under the Fair Debt Collection Practices Act. If you have any further questions or concerns, please do not hesitate to contact our office.

Sincerely,

Aldridge Pite, LLP

Enclosures

Aldridge Pite, LLP
Six Piedmont Center
3525 Piedmont Road, N.E.,
Suite 700
Atlanta, GA 30305
(404) 994-7400
888-246-7307
California Debt Collector License
Number 10724-99

# EXHIBIT 1

P.o. Box 17933 san Diego, CA 92177



ELECTRONIC RETURN RECEIPT
REQUESTED

71 96900                                    0

Mailed On: 9/9/2024          Order Number: 0034959-01
ClientID: Piedmont ER        Reference Number: 1017-6972A

Anita E. Harris
3344 Cobb Pkwy NE # 1059
Acworth, GA 30101

Six Piedmont Center
3525 Piedmont Road, N.E.,
Suite 700
Atlanta, GA 30305
Telephone: (877) 319-8840

September 9, 2024

VIA CERTIFIED MAIL

Anita E. Harris
3344 cobb Pkwy NE # 1059
Acworth, GA 30101

:NOTICE OF PENDING FORECLOSURE SALE

| | |
|---|---|
| Servicer's Loan Number: | 7110343113 |
| Our File Number: | 1017-6972A |
| Original Borrower(s): | Perry R. Harris and Anita E. Harris |
| Current Owner (s): | Anita E. Harris |
| Property Address: | 404 Ridge Top Drive, Acworth, GA 30102 |

Dear Sir or Madam:

Enclosed herewith you will find a copy of the Notice of Sale Under Power that was submitted for publication in the legal newspaper in the county where the property is located. The foreclosure sale is scheduled for November 5, 2024 (being the first Tuesday of said month unless said date falls on a Federal Holiday, in which case being the first Wednesday of said month), during the legal hours of sale at the Cobb County Courthouse.

You are hereby notified the debt evidenced by the loan, including principal, interest and other authorized charges, has been declared, and is now, immediately due and payable in full. The Note executed in connection with the loan allows for the addition of attorneys' fees to the debt in the event of collection by or through an attorney-at-law. Pursuant to O.C.G.A. 5 13-1-11, you are hereby afforded ten (10) days from your receipt of this letter to pay in full the debt owed without having to pay reasonable attorney fees. After this ten (10) day period, all attorneys' fees allowed under applicable Georgia law may be added to the debt.

In the event that the above-referenced default is not cured and the property is sold at foreclosure to a party other than the creditor, there could be money from the sale for distribution to lien holders in the property and/or the former owner of record. To determine whether our firm is in possession of any money for distribution to lien holders in the property and/or the former owner of record, please call (877) 319-8840 or e-mail excessproceeds@aldridgepite.com no earlier than 45 days after the foreclosure sale date.

## PLEASE BE ADVISED THAT THIS LETTER MAY CONSTITUTE AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

You have received this notice because either: (1) you signed the Security Deed associated with the loan at issue and are defined as a "Borrower" or grantor under the terms of said Security Deed; or (2) you are defined as a "Debtor" under O.C.G.A. 5 44-14-162.1. If you did not sign the associated Note, we are not seeking to collect the debt from you. As such, our action is strictly limited to a possible foreclosure of the above-referenced property.

In the event you have received a discharge in a Chapter 7 bankruptcy case, that discharge may have extinguished any personal liability you may have had for this loan. In such event, any action taken would be limited to the foreclosure on the above-referenced property and would not be an attempt to collect the debt personally. If you are involved in an active bankruptcy case and no relief from the automatic stay has been obtained by your lender, please immediately fax your bankruptcy information to (888) 529-9214 or e-mail such bankruptcy information to bkcase@aldridgepite.com.

PHH Mortgage Corporation is the entity or individual designated, who shall have full authority to negotiate, amend and modify all terms of the mortgage.

PHH Mortgage Corporation
1661 Worthington Rd
Suite 100
West Palm Beach, FL 33409
(800) 750-2518

Note, however, that such entity or individual is not required by law to negotiate, amend or modify the terms of the loan.

Should you need any additional information regarding this foreclosure, you may call (877) 3198840. Please have our file number readily available when you call so we are better able to assist you in a timely fashion. Under certain circumstances and conditions, the lender may be able to allow you to reinstate the loan and stop foreclosure. Should you desire to reinstate the loan, please contact our office. We will be able to assist you in determining whether reinstatement is allowed, and if allowed, the amount of money which must be paid. All payments must be made through our office in the form of an unconditional tender of certified funds or cashier's check.

This letter is being sent to you in accordance with Georgia statutory foreclosure law requirements. You remain free at any time to contact the entity or individual referenced above to discuss other possible alternatives to foreclosure.

Sincerely,

Aldridge Pite, LLP

PLEASE BE ADVISED THAT THIS LETTER MAY CONSTITUTE AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

SERVICEMEMBERS' CIVIL RELIEF ACT NOTICE

Persons who are members of the Army, Navy, Marine Corps, Air Force, Coast Guard; commissioned officers of the Public Health Service and the National Oceanic and Atmospheric Administration who are engaged in active service; reservists and National Guard personnel ordered to report for Federal active duty; persons ordered to report for induction under the Military Selective Service Act; and guardsmen called to active service for more than 30 consecutive days have certain rights and privileges under the Servicemembers Civil Relief Act, 50 U.S.C. App 5 3901 et seq.

If you own the property being foreclosed, and you are, or have been, a person in the military service, as defined in 50 U.S.C. 5 3911, the lender may be required to take additional steps before it is allowed to foreclose.

In particular, the provisions contained in 50 U.S.C. 5 3953 are designed for the benefit of persons in the military service as well as those who have recently concluded their active service whose ability to comply with the terms of their mortgage obligation has been materially affected by reason of their military service.

If you believe that you are entitled to relief under the Servicemembers Civil Relief Act, please contact this office immediately by mail or by phone as follows:

Aldridge Pite, LLP
Six Piedmont Center 3525 Piedmont Road, N.E.,

Suite 700
Atlanta, GA 30305
Telephone: (877) 319-8840

If you or your dependents require further assistance or for more information, you may also wish to contact a toll free military assistance number. One such number is Military One Source: (800) 3429647.

NOTICE OF SALE UNDER POWER. COBB COUNTY

Pursuant to the Power of Sale contained in a Security Deed given by Perry R. Harris and Anita E. Harris to Mortgage Electronic Registration Systems, Inc., as grantee, as nominee for Novastar Mortgage, Inc., its successors and assigns dated 11/2/2005 and recorded in Deed Book 14249 Page 735 Cobb County, Georgia records; as last transferred to or acquired by The Bank of New York Mellon, f/k/a The Bank of New York as successor in interest to JPMorgan Chase Bank, N.A. as Trustee for NovaStar Mortgage Funding Trust, Series 2005-4, NovaStar Home Equity Loan Asset-Backed Certificates, Series 2005-4, conveying the after-described property to secure a Note in the original principal amount of S155,125.00, with interest at the rate specified therein, there will be sold by the undersigned at public outcry to the highest bidder for cash before the Courthouse door of Cobb County, Georgia (or such other area as designated by Order of the Superior Court of said county), within the legal hours of sale on November 5, 2024 (being the first Tuesday of said month unless said date falls on a Federal Holiday, in which case being the first Wednesday of said month), the following described property:

> All that tract or parcel of land lying and being in land lot 76 of the 16th District, 2nd section, Cobb County, Georgia, Being lot 74 Ridgewood Creek, Unit 1, As per plat recorded in Plat Book 112, Page 45, Cobb County records which plat is hereby referred to and made a part of this description.

> Subject to general taxes for the current year and subsequent years, covenants, conditions, easements, exceptions, reservations, restrictions, rights of way of records, if any.

The debt secured by said Security Deed has been and is hereby declared due because of, among other possible events of default, failure to pay the indebtedness as and when due and in the manner provided in the Note and Security Deed. The debt remaining in default, this sale will be made for the purpose of paying the same and all expenses of this sale, as provided in the Security Deed and by law, including attorney's fees (notice of intent to collect attorney's fees having been given).

Said property is commonly known as 404 Ridge Top Drive, Acworth, GA 30102 together with all fixtures and personal property attached to and constituting a part of said property, if any. To the best knowledge and belief of the undersigned, the party (or parties) in possession of the subject property is (are): Anita E. Harris or tenant or tenants.

> PHH Mortgage Corporation is the entity or individual designated, who shall have full authority to negotiate, amend and modify all terms of the mortgage.

> PHH Mortgage Corporation
> 1661 Worthington Rd
> Suite 100