**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anita Smith Harris, | No. CV-25-00715-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| PHH Mortgage, et al., | |
| Defendants. | |

On March 3, 2025, Plaintiff Anita Smith Harris ("Harris") filed a complaint with an embedded temporary restraining order ("TRO") request (Doc. 1), an application for leave to proceed in forma pauperis (Doc. 2), and a motion to allow electronic filing (Doc. 5).

The motion to allow electronic filing is granted, as is the application for leave to proceed in forma pauperis.

A related federal action was recently dismissed. On February 3, 2025, in an action captioned *Harris v. Drake*, 2:25-cv-00355-SMB, Harris filed a petition for writ of mandamus asking the federal court to command Judge Drake, the Maricopa County Superior Court judge who is presiding over a divorce lawsuit filed by Harris's ex-spouse, Perry Harris ("Perry"), *Harris v. Harris*, FN2015-003563 ("the divorce action"), to alter his rulings in the divorce action. (*Harris v. Drake*, Doc. 1.) On February 20, 2025, Harris filed a "motion to amend writ of mandamus to include notice of removal" (*Harris v. Drake*, Doc. 12), seeking leave to remove the divorce action on the basis of violations

of the Real Estate Settlement Procedures Act ("RESPA"), the Truth in Lending Act ("TILA"), and "mortgage fraud and unlawful foreclosure practices." (*Harris v. Drake*, Doc. 12-1.) The "draft" notice of removal listed Perry and PHH Mortgage Corporation ("PHH") as the plaintiffs in the divorce action. (*Id.*)

On February 27, 2025, Judge Brnovich dismissed *Harris v. Drake* with prejudice on the grounds that "federal courts lack jurisdiction or authority to issue mandamus to direct non-federal entities or officials, including judicial officers, in the performance of their duties" and that the case "is barred under the *Rooker-Feldman* doctrine," which "prevents federal courts from second-guessing state court decisions by barring the lower federal courts from hearing de facto appeals from state-court judgments when they are inextricably intertwined with the state court's decision." (*Harris v. Drake*, Doc. 14 at 5-6) (cleaned up). Judge Brnovich also denied Harris's attempt to amend the petition to remove the divorce action and "modify the scope of her mandamus relief, with the help of a [TRO] to somehow prevent the impending foreclosure of her property." (*Id.* at 8 n.2.)

On March 3, 2025, Harris filed the present action, naming Perry and PHH as defendants and seeking a TRO to prevent the impending foreclosure of her property, asserting RESPA and TILA violations as well as violation of the Fair Debt Collection Practices Act (FDCPA). (Doc. 1.) In short, the complaint and TRO appear to be, in essence, the petition amendment that Judge Brnovich denied. The complaint asserts that "[t]his case arises out of an eight-year legal battle in Arizona family court, which resulted in a final order issued on March 24, 2023," which led to foreclosure proceedings in Georgia, where the Georgia courts "failed to properly analyze the Arizona order" and "ignored Plaintiff's motions." (*Id.* at 2-3.) The complaint asserts that the foreclosure ordered by the Georgia court is "illegal" and should be stopped. (*Id.* at 3.)

Plaintiff "assert[s] as a legal wrong an allegedly erroneous decision by the [Georgia] state court in the earlier state court litigation" and seeks "relief from the state court judgment" via a TRO enjoining a foreclosure ordered by the Georgia court, and

1  therefore Plaintiff's complaint and TRO request are barred by the *Rooker-Feldman*
2  doctrine. *Noel v. Hall*, 341 F.3d 1148, 1166 (9th Cir. 2003). This action is therefore
3  dismissed for lack of subject-matter jurisdiction. *Id.* at 1154 ("If a federal plaintiff asserts
4  as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a
5  state court judgment based on that decision, *Rooker–Feldman* bars subject matter
6  jurisdiction in federal district court.").

   Accordingly,

   **IT IS ORDERED** that Plaintiff's application to proceed in forma pauperis (Doc. 3) is **granted**.

   **IT IS FURTHER ORDERED** that Plaintiff's motion to allow electronic filing (Doc. 5) is **granted**.

   **IT IS FURTHER ORDERED** that Plaintiff's TRO application (Doc. 1) is **denied** and this action is **dismissed** for lack of subject-matter jurisdiction. The Clerk of Court shall enter judgment and terminate this action.

   Dated this 5th day of March, 2025.

                                          Dominic W. Lanza
                                          United States District Judge